UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                     )
KRISTIN DICROCE, individually and    )
on behalf of all persons similarly   )
situated,                            )
                                     )
                Plaintiff,           )
                                     )   Civil Action
v.                                   )   No. 21-11660-PBS
                                     )
MCNEIL NUTRITIONALS, LLC, and        )
JOHNSON & JOHNSON CONSUMER, INC.,    )
                                     )
                Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

April 8, 2022

Saris, D.J.

In this putative class action, Plaintiff Kristin DiCroce brings deceptive trade practices and false advertising claims against McNeil Nutritionals, LLC, ("McNeil") and Johnson & Johnson Consumer, Inc. ("J&J"). At issue are certain statements on the packaging of Defendants' product Lactaid that allegedly portray Lactaid as a drug rather than a dietary supplement. McNeil and J&J moved to dismiss. Concluding, after a hearing, that DiCroce's allegations of a cognizable injury are insufficient, the Court will **ALLOW** the Motion and will dismiss the Complaint for lack of standing without prejudice.

Defendants' Motion raises serious arguments against the Complaint's viability on the merits. But "[b]ecause Article III

1

standing is a sine qua non to federal judicial involvement, a federal court must resolve any doubts about such standing before proceeding to adjudicate the merits of a given case." United States v. Catala, 870 F.3d 6, 9 (1st Cir. 2017) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)); accord Baena v. KPMG LLP, 453 F.3d 1, 4 (1st Cir. 2006).

On a motion to dismiss, the plaintiff must plead facts sufficient to plausibly demonstrate standing. See Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016). The familiar triad of injury, causation, and redressability guides the Court's standing analysis. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan, 504 U.S. at 560). Where standing is based on an economic injury, the plaintiff must only show "a relatively small economic loss—even an 'identifiable trifle.'" Katz v. Pershing, LLC, 672 F.3d 64, 76 (1st Cir. 2012) (quoting Adams v. Watson, 10 F.3d 915, 924 (1st Cir. 1993)).

DiCroce's standing argument is hard to digest. It rests on the single factual assertion that "[h]ad the Lactaid Supplements been labeled in compliance with applicable state and federal law," she "would not have been misled by [the] claims on the Supplements'

label" and "this would have affected her purchasing decisions." Dkt. No. 1, ¶ 9. DiCroce does not assert that Lactaid was defective or failed to work as promised. She does not even allege that she would not have purchased the supplement but for the allegedly misleading advertising. Her vague claim of an "effect" on her "purchasing decisions" cannot support a finding of Article III standing. The Court finds that DiCroce has failed to plausibly allege an injury-in-fact.

## ORDER

Defendants' motion to dismiss (Dkt. No. 17) is **ALLOWED** without prejudice to filing an amended complaint within thirty days. SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge